

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00344-CR

MATTHEW PAUL MIKULA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 13th District Court[1]
Navarro County, Texas
Trial Court No. D37990-CR, Honorable James E. Lagomarsino, Presiding

December 20, 2019

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant Matthew Paul Mikula, proceeding pro se, appeals his conviction of theft from a human corpse or grave[2] and sentence to eleven months' confinement in a state jail facility. The appellate record was due on November 4, 2019. The clerk's record was filed by this date, but the reporter's record was not. On November 4, the reporter notified

---

[1] Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] TEX. PENAL CODE ANN. § 31.03(e)(4)(B) (West 2019).

the Court that appellant had not requested preparation or made payment arrangements for the reporter's record.  TEX. R. APP. P. 35.3(b)(2), (b)(3).  By letter that day, we directed appellant to request preparation and make acceptable payment arrangements for the reporter's record by November 14.  Failure to do so, we advised, could result in the appeal being abated and the cause remanded to the trial court for further proceedings.  Appellant has not requested preparation or made payment arrangements for the reporter's record to date.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings.   TEX. R. APP. P. 37.3(a)(2).   Upon remand, the trial court shall utilize whatever means it finds necessary to determine the following:

(1)    whether appellant still desires to prosecute the appeal;

(2)    whether appellant is indigent and entitled to the appointment of appellate counsel;

(3)    whether appellant is entitled to have the reporter's record furnished without charge;

(4)    if appellant is not entitled to have the reporter's record furnished without charge, the date appellant will make acceptable payment arrangements for the reporter's record; and

(5)    what orders, if any, should be entered to assure that the reporter's record will be promptly filed and that the appeal will be diligently pursued.

If it is determined that appellant desires to proceed with the appeal, is indigent, and is entitled to appointed counsel, the trial court shall appoint appellate counsel.  The name, address, email address, telephone number, and state bar number of appointed counsel shall be provided to the Clerk of this Court.  The trial court shall also cause to be developed a clerk's record containing the findings of fact and conclusions of law and a

reporter's record transcribing the evidence and argument presented at any hearing held. The hearing record shall be filed with the Clerk of this Court on or before January 21, 2020.

It is so ordered.

Per Curiam

Do not publish.